## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAREK TCHORZEWSKI                       *

                                        *

v.                                      *          Civil Action No.   CCB-21-1243

                                        *

CHRISTOPHER MUSICK *et al.*

                                        *

                              ************

### MEMORANDUM

Pending before the court is a multi-count complaint brought by plaintiff Marek Tchorzewski against defendants Christopher Musick, Adam Greivell, and Greivell & Garrott Johnson, LLC. Defendants Adam Greivell and Greivell & Garrott Johnson, LLC (collectively, "Greivell") have filed a motion to dismiss the complaint. The motion is fully briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will grant the moving defendants' motion to dismiss.

### BACKGROUND

This litigation arises from a loan agreement made on March 5, 2020, between borrower Christopher Musick and lender Marek Tchorzewski. According to the terms of the promissory note, Mr. Tchorzewski loaned Mr. Musick $100,000.00 with a loan funding date of March 9, 2020, "for business purposes of Musick Holdings, Inc." (ECF 12-2, Ex. A, Promissory Note, at 3). The promissory note required repayment of the original $100,000.00, plus $40,000 interest, by March 9, 2021, plus forty percent of the profits produced by various businesses mentioned in the contract (*Id.* at 4, ¶ 14). The note directed that the $100,000.00 be wired directly to the operating account

1

of "Greivell Law POffice [sic] LLC." (*Id.* ¶ 5). Adam Greivell, through his firm, Greivell & Garrott Johnson, LLC, acted as Mr. Musick's attorney for the loan agreement.

Mr. Tchorzewski alleges that Mr. Musick secured the $100,000.00 loan to be used as a down payment for a real estate investment into a number of commercial properties in Hagerstown, Maryland: The Hagerhall Conference and Event Center, Cancun Cantina West, and Barefoot Bernie's. (ECF 1 ¶ 14). The real estate investment, however, failed to close, and Mr. Musick failed to repay the loan per the requirements of the promissory note by March 9, 2021. (*Id.* ¶¶ 15-20, ECF 12 at 1).

Procedural History

Mr. Tchorzewski filed his present complaint on March 16, 2021, in the Middle District of Pennsylvania. (ECF 1, Compl.).[1] Greivell moved to dismiss the case for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2), (3), and (6) on May 18, 2021 (ECF 8, Mot. to Dismiss), to which the plaintiff responded (ECF 21, Opp'n) and the moving defendants replied (ECF 22, Reply).[2] On May 20, 2021, the case was transferred to the District of Maryland following a stipulation among the parties (ECF 13, Stipulation).

**LEGAL STANDARD**

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Despite a stipulation allowing Mr. Musick to respond to the complaint twenty days after the case was transferred to Maryland (*see* ECF 14), Mr. Musick has not filed an answer or a dispositive motion.

[2] The brief in support of the motion was incorrectly filed together with the motion. Greivell refiled the brief on May 19th, 2021. (*See* ECF 12, Br. in Supp. of Mot. to Dismiss).

(2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

Because the parties stipulated to transfer this case from the Middle District of Pennsylvania to the District of Maryland, the portions of the defendants' motion under Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and (3) (improper venue) are moot. The court will address the remaining portion of the motion brought under Fed. R. Civ. P. 12(b)(6).

### I. Negligence

In Maryland, "[t]o maintain an action for professional malpractice [or regular negligence], a plaintiff must first satisfy the threshold requirement of alleging and proving the existence of a duty between the plaintiff and defendant." *Goerlich v. Courtney Industries, Inc.*, 84 Md. App. 660, 663 (1990) (internal citation omitted). "As a general rule, an attorney owes a duty of diligence and care only to his client/employer," *Id.* (internal citation omitted), however, a duty may exist when parties are in contractual privity with one another, or when one party is the intended third-party

3

beneficiary of an agreement between two others. To be considered an intended third-party beneficiary to an agreement, a non-client "must allege and prove that the intent of the client to benefit the non-client was a direct purpose of the transaction or relationship [between the client and the attorney]." *Flaherty v. Weinberg*, 303 Md. 116, 130-31 (1985). "In this regard, the test for third-party recovery is whether the intent to benefit actually existed, not whether there could have been an intent to benefit the third party." *Id.* at 131.

There is no contractual privity between Tchorzewski and Greivell. Greivell did not sign the promissory note and, absent any allegation of a separate agreement, is therefore not in privity with Mr. Tchorzewski. The mere fact that the LLC is mentioned once within the agreement (*see* ECF 12-2 ¶ 5) as owning the bank account to which the money was to be wired does not suffice to create contractual privity between the parties. Nor was Mr. Tchorzewski an intended third-party beneficiary of the agreement. To avoid conflicts of interest, Maryland courts have been reluctant to find the existence of a duty running from one party's attorney to the other party in real estate transactions. *See Clagett v. Dacy*, 47 Md. App. 23, 30 (1980) (holding that, under Maryland law, no duty is owed to a non-client third party if the effect of that determination "would be tantamount to a prohibited or improbable employment"). Accordingly, it takes "more than general conclusory allegations" to establish the specific beneficial intent required to establish such a duty. *Id.* at 29. Mr. Tchorzewski does not allege with the necessary degree of specificity, nor does the promissory note suggest, the existence of any intent to benefit him. Rather, the promissory note purports to be a standard loan "for the amount of $100,000 [from Mr. Tchorzewski], for business purposes of Musick Holdings, Inc." (ECF 12-2 at 3). No language exists to support the inference that Mr. Musick intended Mr. Tchorzewski to be the beneficiary of his attorney's services (*see id.*), nor are Mr. Tchorzewski's interests identical to those of Greivell's client. Finally, to the extent that Mr.

4

Tchorzewski might seek to state a professional malpractice claim, the court declines to find a duty

running from Greivell to Mr. Tchorzewski, a party they have never represented. *See Noble v.*

*Bruce*, 349 Md. 730, 738 (1998) (noting that, "in attorney malpractice cases, Maryland generally

adheres to the strict privity rule"). Mr. Tchorzewski does not cite any precedent that such a contract

otherwise establishes a duty running from Greivell to Mr. Tchorzewski.

Without the creation of a fiduciary duty (*see* § II, *infra*), Greviell owed no other duty to

Mr. Tchorzewski under Maryland law. Absent such a duty, "there can be no negligence." *Barclay*

*v. Briscoe*, 427 Md. 270, 293 (2012). Thus, the negligence claim against Greivell will be dismissed.

## II.    Breach of Fiduciary Duty

Mr, Tchorzewski's second claim against the moving defendants is for breach of Greivell's

fiduciary duty as his escrow agent. In order to state a claim for breach of fiduciary duty in

Maryland, a plaintiff must establish: (1) the existence of a fiduciary relationship; (2) breach of the

duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. *Plank v. Cherneski*,

469 Md. 548, 559 (2020). "[E]scrow agents owe their depositors a fiduciary duty to disburse the

deposits according to the terms of the escrow agreement." *Roman v. Sage Title Grp., LLC*, 229

Md. App. 601, 613 (2016), *aff'd*, 455 Md. 188 (2017) (internal citation omitted).

Like Mr. Tchorzewski's claim for negligence, this claim also fails, as the promissory note

is not an escrow agreement. As the contract's choice of law provision governs, the court will

interpret it under Maryland law. (*See* ECF 12-2 ¶ 10(a)). The promissory note states, on its face,

that the $100,000.00 is a loan from Mr. Tchorzewski to Mr. Musick. (ECF 12-2 at 3). No clause

in the promissory note can be reasonably construed to require the return of the $100,000.00 loan

upon the failure of the planned real estate investment to close. (*See generally id.*). The loan itself

does not require the purchase of real property, but rather is "for business purposes of Musick

5

Holdings, Inc." (*Id.* at 2). Moreover, the parties agree that no written escrow agreement exists. (*See* ECF 21 at 2; ECF 22 at 9). Under Maryland law, escrow agents can act "subject only to the control of the conditions and specifications contained in the escrow or trust agreement." *Campen v. Talbot Bank of Easton*, 271 Md. 610, 616 (1974). The lack of any such written agreement presents a substantial obstacle for a court to find or enforce any conditions of escrow a party purports to exist.

Despite the lack of a written agreement, Mr. Tchorzewski contends that the Maryland Attorneys' Rules of Professional Conduct impose a fiduciary duty on Greivell because they acted as an escrow agent as an attorney and firm in possession of funds in which another person has an interest.[3] In support of this position, Mr. Tchorzewski cites to several rules including:

Comment [1] to Maryland Rule 19-301.15, which provides that, "An attorney should hold property of others with the care required of a professional fiduciary;"

Comment [6] to Rule 19-301.15, which requires attorneys to be governed by the law applicable to obligations other than the provision of legal services, including, when acting as an escrow agent, to respect the fiduciary obligations such a position entails;

Maryland Rule 19-407(a)(3)(A-B), which requires the creation of a record of client matters in attorney trust fund account transactions;

And Maryland Rule 19-407(a)(2)), which requires the creation of a record of deposits and disbursements from attorney trust fund accounts.

---

[3] Additionally, and without elaboration or an explicit and separate claim of fraud, Mr. Tchorzewski's allegation that Mr. Musick "induced" him (ECF 1 ¶ 14) to lend the money for a down payment on the failed real estate transaction is insufficient and irrelevant to the claims pled.

6

Not only is this argument contradicted by Maryland caselaw requiring a specific escrow agreement, *see Campen*, 271 Md. at 616, but it fails to recognize the limitations and role of the Maryland Attorneys' Rules of Professional Conduct. While the Attorneys' Rules of Professional Conduct are designed to "provide guidance to attorneys and to provide a structure for regulating conduct through disciplinary agencies," they "are not designed to be a basis for civil liability." Md. Rule 19-300.1 (emphasis added); *see also Post v. Bregman*, 349 Md. 142, 168 (1998) (stating that disciplinary rules are not designed to be a basis for civil liability); *Fitzgerald v. Bell*, 246 Md. App. 69, 104 (2020). Moreover, while Mr, Greivell and his firm should look to the Attorneys' Rules of Professional Conduct for guidance when acting as trust fund account holders and escrow agents, the court has already determined that nothing in the promissory note constitutes an agreement to escrow the loan or for Greivell to act as an escrow agent. And assuming without deciding that the loan money, when in the care of Greivell, could be considered placed in a trust account (*See* ECF 12-2 ¶ 5), the plaintiffs do not actually allege that Greivell failed to keep proper records as prescribed by the Attorneys' Rules of Professional Conduct.

Because the Maryland Attorneys' Rules of Professional Conduct do not form a basis of civil liability and Greivell never consented to act as an escrow agent, the defendants cannot be subjected to the corresponding fiduciary duties of that position. Mr. Tchorzewski's breach of fiduciary duty claim will be dismissed.

### CONCLUSION

For the reasons stated above, the court will grant the Greivell defendants' motion to dismiss. A separate Order follows.

_6/13/22_
Date

_____
Catherine C. Blake
United States District Judge